By the act of 1777, ch. 2, secs. 16 and 76, the sheriff arresting is deemed to be the bail himself, where he does not return bail; and by section 20, upon a surrender made by the bail, the sheriff is to receive the body and hold the defendant in custody, as if bail had never been given. Now, if bail had never been given, the sheriff might have discharged the defendant without bail, and thereby have become bail himself, or he might have committed him to prison. The (225) circumstance of committing the defendant to prison, cannot place the sheriff in any worse situation than he was in after having him in custody and before actually committing him. The defendant is his prisoner as well in the one case as in the other. If, therefore, his discharging the prisoner out of his custody before an actual imprisonment will only make the sheriff liable as bail, by parity of reason, his discharging the defendant from an actual imprisonment will have the same operation. The plaintiff in the action is not more injured in the one case than in the other; for if the sheriff is held to be the bail in both cases, then the defendant is in the power of the court, and the plaintiff may proceed in the action. Then if the sheriff be bail as well in the one case as in the other, he ought not to be liable to an action for an escape on mesne process, because in this action the sheriff can only discharge himself by a recaption before the action brought against him; whereas, if he be proceeded against as bail by a sci. fa. he may, by section 20, retake his prisoner, and surrender him to the court in discharge of himself, at any time before final judgment against him; and in fact the defendant in the present case did retake Linton and put him in prison, and had *Page 174 
him in court to answer the plaintiff's action, if he would have proceeded against him.
Upon the last point we are of opinion that the action for an escape upon mesne process will not lie against the sheriff in this case: He ought to be proceeded against as bail. To proceed against him in this manner is to deprive him of many advantages.
Judgment for the defendant. Ex relatione.
NOTE. — But if the sheriff, to a writ of capias ad respondendum
returns an escape, this negatives the supposition of his having become bail, and an action for the escape will lie. Tuton v. Sheriff of Wake,post, 485. Indeed, in such case it seems the only proper remedy. Hart v.Lanier, 10 N.C. 244.
Cited: Barker v. Munroe, 15 N.C. 412.
Dist.: Hart v. Lanier, 10 N.C. 244.