The act of 1777, ch. 115, sec. 16, does not impose it upon sheriffs to become special bail against their consent, and in this case the *Page 136 
sheriff has not elected to become bail; so far from it that he was about to put Downs in jail for want of bail when he broke custody. He becomes bail when he lets his prisoner go at large without taking bail at (246) all, or without taking sufficient bail, and exception is taken for that cause at the court to which the writ is returnable. But this is neither of those cases, and therefore cannot be within the act of Assembly. Of course, the sheriff cannot be subjected as bail by this scirefacias. It has been said that if the sheriff is not considered as bail, but subject to an action for the escape, he loses the benefit of making a surrender. 2 N.C. 224. That is true, if he would be liable for the whole of the plaintiff's debt in an action for the escape; but that may not be the case. The jury in such action will be governed by circumstances. Suppose, for instance, it should be proved that the defendant who escaped was insolvent; it would, no doubt, influence the jury in making up their verdict. From this view of the case, I think the judgment should be entered for the defendant. Tutor v. Sheriff, 2 N.C. 485.
And of this opinion was Judge HENDERSON.
PER CURIAM. Affirmed.